IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICAH EDWARD MAAS, <br><br> Defendant. | No. 25-CR-94-J <br><br> Ct 1: 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) <br> (Conspiracy to Distribute Methamphetamine) <br><br> Ct 2: 21 U.S.C. §§ 841(a)(1), (b)(1)(A) <br> (Attempted Possession with Intent to Distribute Methamphetamine) <br><br> Ct 3: 21 U.S.C. § 843(b) and 18 U.S.C. § 2 <br> (Use of a Communication Facility to Facilitate Felony Drug Offense) <br><br> Ct 4: 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) <br> (Conspiracy to Distribute Fentanyl and Heroin) <br><br> Ct 5: 21 U.S.C. §§ 841(a)(1), (b)(1)(B) <br> (Attempted Possession with Intent to Distribute Fentanyl and Heroin) <br><br> Ct 6: 21 U.S.C. § 843(b) and 18 U.S.C. § 2 <br> (Use of a Communication Facility to Facilitate Felony Drug Offense) |

# INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE

From on or about July 1, 2024, through and including January 31, 2025, in the District of Wyoming and elsewhere, the Defendant, **MICAH EDWARD MAAS**, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with Person #1 and other

persons known and unknown to the grand jury, to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

## COUNT TWO

From on or about October 17, 2024, through and including October 22, 2024, in the District of Wyoming, the Defendant, **MICAH EDWARD MAAS**, did knowingly, intentionally, and unlawfully attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

## COUNT THREE

From on or about October 17, 2024, through and including October 22, 2024, in the District of Wyoming, the Defendant, **MICAH EDWARD MAAS**, did knowingly and unlawfully aid and abet and willfully cause the use of a communication facility, to wit, the United States Postal Service, in causing and facilitating the commission of acts constituting a felony under the federal Controlled Substances Act, to wit, Attempted Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), as more fully alleged in Count Two of this indictment.

In violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

## COUNT FOUR

From on or about July 1, 2024, through and including January 31, 2025, in the District of Wyoming and elsewhere, the Defendant, **MICAH EDWARD MAAS**, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree together with Person #2 and other persons known and unknown to the grand jury to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance and heroin, a Schedule I controlled substances.

In violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), (b)(1)(C).

## COUNT FIVE

From on or about January 15, 2025, through and including January 22, 2025, in the District of Wyoming, the Defendant, **MICAH EDWARD MAAS**, did knowingly, intentionally, and unlawfully attempt to possess with intent to distribute 40 grams or more a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance and heroin, a Schedule I controlled substances.

In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C).

## COUNT SIX

From on or about January 15, 2025, through and including January 22, 2025, in the District of Wyoming, the Defendant, **MICAH EDWARD MAAS**, did knowingly and unlawfully aid and abet and willfully cause the use of a communication facility, to wit, the

United States Postal Service, in causing and facilitating the commission of acts constituting a felony under the federal Controlled Substances Act, to wit, Attempted Possession with Intent to Distribute Fentanyl and Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), as more fully alleged in Count Five of this indictment.

In violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

A TRUE BILL:

*Ink Signature on File with Clerk's Office*
FOREPERSON

_____
STEPHANIE I. SPRECHER
Acting United States Attorney

---
## PENALTY SUMMARY
---

| | |
|---|---|
| **DEFENDANT NAME:** | MICAH EDWARD MAAS |
| **DATE:** | May 20, 2025 |
| **INTERPRETER NEEDED:** | No |
| **VICTIM(S):** | No |

**OFFENSE/PENALTIES:**

**Count 1:** 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)
(Conspiracy to Distribute Methamphetamine)

10 Years to Life Imprisonment
Up to $10,000,000 Fine
5 Years to Life Supervised Release
$100 Special Assessment

**Count 2:** 21 U.S.C. §§ 841(a)(1), (b)(1)(A)
(Attempted Possession with Intent to Distribute Methamphetamine)

10 Years to Life Imprisonment
Up to $10,000,000 Fine
5 Years to Life Supervised Release
$100 Special Assessment

**Count 3:** 21 U.S.C. § 843(b) and 18 U.S.C. § 2
(Use of a Communication Facility to Facilitate Felony Drug Offense)

0-4 Years Imprisonment
Up to $250,000 Fine
1 Year Supervised Release
$100 Special Assessment

**Count 4:** 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)
(Conspiracy to Distribute Fentanyl and Heroin)

5-40 Years Imprisonment
Up to $5,000,000 Fine
4 Years Supervised Release
$100 Special Assessment

**Penalty Summary**
May 20, 2025
Page 2                                                                                          RE:  Micah Edward Maas

|  |  |
|---|---|
| **Count 5:** | 21 U.S.C. §§ 841(a)(1), (b)(1)(B)<br>(Attempted Possession with Intent to Distribute Fentanyl and Heroin)<br><br>5-40 Years Imprisonment<br>Up to $5,000,000 Fine<br>4 Years to Life Supervised Release<br>$100 Special Assessment |
| **Count 6:** | 21 U.S.C. § 843(b) and 18 U.S.C. § 2<br>(Use of a Communication Facility to Facilitate Felony Drug Offense)<br><br>0-4 Years Imprisonment<br>Up to $250,000 Fine<br>1 Year Supervised Release<br>$100 Special Assessment |
| **TOTALS:** | 30 Years to Life Imprisonment<br>Up to $30,500,000 Fine<br>5 Years to Life Supervised Release<br>$600 Special Assessment |
| **AGENT:** | Jonathan Shane Reece, DCI |
| **AUSA:** | Paige N. Hammer<br>Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |